[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT DATED JUNE 6, 1991 (No. 153) AND MOTION FOR CLARIFICATION DATED MAY 22, 1991 (No. 152)
On December 20, 1990, the court (Hauser, J.) entered an order for child support of $200.00 per week modifying the previous order of the court for $500.00 per quarter. This order was entered as a "temporary stipulation without prejudice." At the time the order was entered, the court noted that the parties CT Page 6213 "reserve(d) the right to argue it de novo."
Under these circumstances, this court cannot conclude that this order supercedes the provisions of the judgment providing that the parties shall bear equally the education of any of their minor children for attendance at private school as may mutually be agreed upon between the parties (paragraph 6.3 of the parties' agreement incorporated into the decree). The motion for clarification is granted. However, the order of December 20, 1990, by its terms, is not the sole financial order in place.
As to the plaintiff's motion for contempt, in view of the fact that there has been an honest dispute between the parties as to the defendant's obligation to pay school tuition, the court does not find a willful and intentional violation of the court's orders regarding schooling. The court finds an arrearage of $1,710.00 owed by the defendant to Notre Dame High Schoal and orders that said sum shall be paid to Notre Dame High School plus one half of whatever further charges there may be to satisfy the financial requirements for Anna for the year 1990-91.
EDGAR W. BASSICK, III, JUDGE